Floyd V. HENO, Esther Capoccia, and Heidi Heno Mahr, Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORP., Defendant.

Civ. A. No. 91–12693–K.

United States District Court, D. Massachusetts.

June 1, 1992.

Robert G. Wilson, Law Offices of Robert. G. Wilson, III, Boston, MA, for plaintiffs.

Russell Frank Conn, Conn, Kavanaugh, Rosenthal & Peisch, Boston, MA, for defendant.

Memorandum and Order

KEETON, District Judge.

This is an action against the Federal Deposit Insurance Corporation ("FDIC") in its capacity as assignee of the receiver of the failed Home National Bank of Milford. Defendant's motion to dismiss the action under Fed.R.Civ.P. 12(b) (Docket No. 6, filed January 21, 1992) is now before the court. In conjunction with its motion, defendant has filed a memorandum of law (Docket No. 7) and the affidavit of Fred A. Raish (Docket No. 8). Plaintiffs have filed a memorandum in opposition (Docket No. 11) and two affidavits (Docket Nos. 12 and 13). Defendant has also filed a motion for leave to file a reply (Docket No. 14), which is hereby granted, and the reply is also before the court. For the reasons that follow, defendant's motion to dismiss is granted.

## I. Background

For the purposes of addressing defendant's motion, I assume as true the facts stated in plaintiffs' submissions. Those facts are summarized below.

Plaintiff Floyd V. Heno engaged in a series of transactions with Balcol Corporation concerning a real estate development project known as "Prospect Heights." The now defunct Home Savings Bank of Milford participated in the financing of that project. Balcol was to pay a fixed sum to Heno upon the sale of each unit in the development. Heno took a second mortgage on the units in the development, and the bank, which provided construction financing, took a first mortgage. Under an arrangement that emerged, a portion of the proceeds of the sales were placed in escrow with the bank for use in financing the construction and for making interest payments owed the bank.

As part of their real estate transactions, Heno conveyed to Balcol the land on which Prospect Heights was to be developed and Balcol conveyed to Heno (for his daughters, co-plaintiffs herein) title to two subdivisions in Prospect Heights. Although the bank agreed to release its mortgage interests in those two subdivisions, it never did so. On a separate date, Balcol conveyed to Heno two

additional subdivisions. Once again, the bank agreed to release its mortgage interests, but failed to do so.

Also on a separate date, Heno conveyed to Balcol title to certain property ("Lot 53") for the construction of an access road, with the understanding that only a sliver of the property was required for the construction of the access road and that the majority of the property would be conveyed back to Heno after a permit to build the access road was obtained. Balcol did, in fact, convey title in Lot 53—to the extent not used for the access road—back to Heno. However, due to mistake, Lot 53 had been encumbered by a first mortgage interest in favor of the bank that was not released. Heno did not discover that mistake until January 1991.

On June 1, 1990, the bank became insolvent and was taken over by the FDIC. The FDIC applied the escrowed funds to the principal amount owed by Balcol in violation of the bank's agreement to apply the funds only to construction costs and interest payments. The FDIC also refused to release the mortgage interests in the four subdivisions conveyed to Heno despite the bank's obligation to do so. Finally, the FDIC refused to release the mortgage in Lot 53 that had been erroneously recorded.

Despite discussions between the FDIC and plaintiffs' counsel in which the FDIC assured plaintiffs' counsel that it would determine whether to release its mortgage interests after an appraisal was performed, the FDIC to date has not satisfied the obligations undertaken by the bank. Plaintiffs served written requests for action upon the FDIC on December 13, 1990 and February 19, 1991. Those requests have gone unheeded.

In this action, plaintiffs urge the court to provide the following relief:

1. If the FDIC commences foreclosure proceedings on the four Prospect Heights subdivisions, that a short order of Notice be issued to show cause why a preliminary injunction should not be issued;

2. That a preliminary injunction issue prohibiting the FDIC from selling Lot 53 at foreclosure;

3. That a preliminary injunction issue ordering the FDIC to place back into escrow the funds improperly removed;

4. That a permanent injunction issue prohibiting the FDIC from foreclosing on the four contested subdivisions of Prospect Heights;

5. That the court order the FDIC to release its mortgage interests in the contested pieces of property; and

6. That the court issue judgment against the FDIC on each of plaintiffs' claims.

## II. Injunctive Relief

■ This court is precluded from providing injunctive relief by 12 U.S.C. § 1821(j). That section provides:

**(j) Limitation on court action**

Except as provided in this section, no court may take any action, except at the request of the Board of Directors [of the FDIC] by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation [FDIC] as a conservator or a receiver.

*Id.* Plaintiffs contend that this prohibition does not apply to this case because they seek an injunction with respect to equitable interests owned by plaintiffs that are not "assets" of the FDIC. Plaintiffs' argument depends on their assertions that (a) § 1821(d)(13)(D) only limits judicial review over claims respecting "the assets of any depository institution" and (b) the plaintiffs own the equitable interests in the contested properties which therefore do not constitute "assets of any depository institution."

■ I conclude that both of plaintiffs' contentions are invalid. Plaintiffs argue that § 1821(j) ought to be "read narrowly" to conform to the limitations of § 1821(d)(13)(D), which plaintiffs argue is limited to bank assets. That argument is flawed in at least two respects. First, § 1821(j) prohibits the court from restraining or affecting "the exercise of powers or functions of the Corporation as a conservator or a receiver." This prohibition is quite broad, and cannot be "read narrowly" as plaintiffs suggest. Among other rights and powers, the FDIC has succeeded to "all rights, titles, powers, and privileges of the insured deposi-

tory institution," § 1821(d)(2)(A), and has plenary powers to operate the bank, § 1821(d)(2)(B). This court may not enjoin the exercise of those powers. Second, § 1821(d)(13)(D) states that "no court shall have jurisdiction over— ... any claim relating to any act or omission of such [depository] institution or the Corporation as receiver." Thus, § 1821(d)(13)(D) is not limited to claims relating to the assets of depository institutions, but is much broader.

Furthermore, I conclude that plaintiffs' suggestion that this case does not concern the "assets of any depository institution" is incorrect. Plaintiffs contend that it holds all equitable interests in the assets, and that therefore the properties do not constitute assets of the bank. However, the bank holds mortgage interests in those properties. Even if the property itself is not an asset of the bank, the mortgage interests have an identifiable market value and constitute bank "assets." Plaintiffs seek to enjoin foreclosure pursuant to the first mortgages; however, such an injunction would affect the value of the mortgage assets held by the bank. Section 1821(j) prohibits such an injunction.

For all these reasons, the plaintiffs' first five requests for relief cannot be granted.

### III. Exhaustion

■ Plaintiffs' sixth request for relief, that a determination be made on the merits of its claims, cannot be granted either because plaintiffs have failed to exhaust their administrative remedies as required. 12 U.S.C. § 1821(d)(13)(D); *see Marquis v. Federal Deposit Ins. Corp.,* 965 F.2d 1148, 1151 & n. 3 (1st Cir.1992). Thus, this court lacks subject matter jurisdiction over plaintiffs' claims.

■ Plaintiffs claim that the exhaustion requirement does not apply to them, but that it only applies to creditors of a failed bank making claims to bank assets. For the reasons stated above, the five mortgage interests at issue are bank assets. Moreover, plaintiffs are incorrect that the claims procedure applies only to bank creditors. Section 1821(d)(13)(D) states, "Except as otherwise provided in this subsection, no court shall have jurisdiction over ... any action seeking

a determination of rights with respect to[ ] the assets of any depository institution ... [or] any claim relating to any act or omission of such institution." Thus, jurisdiction to hear plaintiffs' claims must be explicitly granted within § 1821(d). *See Marquis, supra,* at 1152 & n. 5. Jurisdiction is granted only in cases where a claimant has first complied with the claims procedure.

■ Plaintiffs' assertion that they have satisfied the exhaustion requirement cannot be sustained. The exhaustion requirement is a jurisdictional requirement, the burden of pleading and proving which is on plaintiffs. Plaintiffs' written claims were mailed to the FDIC in December 1990 and February 1991. There is no allegation that any claim was filed with the FDIC before the bar date of September 6, 1990. Indeed, the Affidavit of Fred A. Raish (Docket No. 12) states that no such claims were filed before the bar date.

Plaintiffs assert, in the alternative, that they should be excused from the exhaustion requirement because their claims did not mature until after the bar date. More accurately, however, plaintiffs simply were unaware of or chose not to make their claims before the expiration of the bar date. Congress specifically decided under what circumstances to provide relief from the bar date for late-filed claims. 12 U.S.C. § 1821(d)(5)(C). Plaintiffs have not alleged reasons for failing to comply that fall within the exception set forth by Congress. Thus, this court has no jurisdiction to hear plaintiffs' claims as plaintiffs. In reaching this conclusion, however, I make no determination of what the result would be if plaintiffs were to make their present arguments in *defense* of a foreclosure action.

With respect to Heno's claims to the escrowed funds, Heno is a creditor rather than a debtor. (He contends that he is entitled to a share of the proceeds that the FDIC allegedly (mis)applied to reduce the amount of Balcol's outstanding indebtedness.) Thus, he had an obligation to present his claim before the bar date. 12 U.S.C. § 1821(d)(3). There is no allegation that § 1821(d)(5)(C) applies to grant him a reprieve. Therefore, defendant's motion to dismiss must be allowed unless plaintiffs' final claim—that § 1821(d)

is unconstitutional—has merit, a matter I turn to next.

## IV. Constitutionality

█ Plaintiffs argue that § 1821 cannot constitutionally block judicial consideration of plaintiffs' state law claims. This argument is plainly without merit. Congress could certainly do so if it chose. The principles plaintiffs marshal in support of their contention are principles of statutory construction rather than constitutional law. However, I need not reach plaintiffs' arguments because § 1821 does not in fact bar judicial review of state law claims; all it requires is that plaintiffs first present their claims before the FDIC. Plaintiffs' failure in that regard strips this court of jurisdiction. Because judicial review would have been available following exhaustion of administrative remedies, plaintiffs' contentions regarding their Seventh Amendment right to a jury trial are insupportable.

Finally, plaintiffs contend that due process is denied them because § 1821 makes no provision for inchoate and after-discovered claims. However, this contention is to no avail. All of plaintiffs' claims are claims that could have been made within the time period allowed. Plaintiffs either chose not to do so or were unaware that the bank held any asset that plaintiffs would wish to claim.

█ Congress decided that to facilitate rapid wind-up of the affairs of a closed bank creditors could be limited to 90 days to evaluate and file their claims. Unless lacking actual knowledge that the bank has been placed in receivership, the creditor may be required to file within 90 days any claim the creditor may wish to press at any future time in any court. *Marquis, supra*, at 1151–52. That requirement is not unconstitutional.

### ORDER

For the foregoing reasons, it is hereby ORDERED:

Defendant Federal Deposit Insurance Corporation's Motion to Dismiss Plaintiffs' Complaint (Docket No. 6) is allowed.