In re Maxine B. PURCELL.

**FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Valley Bank**

v.

Maxine B. PURCELL.

**Bankruptcy No. 91–10015.
Civ. A. No. 92–263.**

United States District Court,
D. Vermont.

Jan. 6, 1993.

James B. Anderson, Ryan, Smith and Carbine, Ltd., Rutland VT, Frank H. Olmstead, Sachs and DesMeules, Norwich, VT, Richard N. Gottlieb, FDIC Consol. Field Office, Franklin, MA, for plaintiff.

Debra L. Leahy, Law Office of Raymond J. Obuchowski, Bethel, VT, for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

Appellant Federal Deposit Insurance Corporation as receiver of Valley Bank ("FDIC") appeals a July 2, 1992 decision of Judge Conrad of the U.S. Bankruptcy Court denying the FDIC's motion to dismiss appellee Maxine B. Purcell's ("Purcell") cause of action for lack of subject matter jurisdiction and granting Purcell's motion for summary judgment, 141 B.R. 480. Appellee Purcell filed opposition.

The sole issue that this Court needs to decide on appeal is whether the Bankruptcy Court properly exercised jurisdiction over debtor Purcell's cause of action when the court determined the status of a judgment lien held by the FDIC. We consider this question in light of the broad language of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d), in general, and 12 U.S.C. § 1821(d)(13)(D) in particular.

12 U.S.C. § 1821(d)(13)(D), "Limitation on judicial review," provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—(i) any claim or action for payment from, or any action, seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corpo-

ration may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution of the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

All claims falling within this subsection must be presented to the FDIC through an administrative claims procedure before being pursued in federal court. *See* 12 U.S.C. § 1821(d)(6)(A); *see also Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir.1991) ("a claimant must first present its case to the RTC under the administrative procedure erected by FIRREA before seeking relief in the federal courts"); *Circle Indus., Div. of Nastasi–White, Inc. v. City Fed. Sav. Bank*, 749 F.Supp. 447, 455 (E.D.N.Y.1990), *aff'd*, 931 F.2d 7 (2d Cir. 1991) ("In enacting FIRREA, Congress intended litigants ... to first submit their claims against failed savings and loan institutions to the RTC or FDIC before commencing an action in the district court.")

For the reasons stated below, the Court hereby AFFIRMS the Bankruptcy Court's exercise of jurisdiction.

### Background

*I.  Factual History*

On June 29, 1990, Purcell executed a mortgage note in the amount of $696,700 in favor of Valley Bank of White River Junction. On July 19, 1991, after Purcell defaulted on the loan, Valley Bank obtained a judgment against Purcell on the note. An uncertified copy of judgment order was recorded in the Hartford Land Records on July 23, 1991. On September 13, 1991, Valley Bank was declared insolvent and the FDIC was appointed receiver. The FDIC recorded a second copy of the judgment order in the Hartford Land Records on November 19, 1991. Although this copy was certified by the Clerk of the Windsor Superior Court, it did not bear certification of the date upon which the judgment order became final. As a consequence, the copy did not comply with Vermont law and was not a valid lien against Purcell's real property.

After becoming receiver for Valley Bank, the FDIC published notice of the bank's failure in local periodicals and mailed notice to all creditors who had claims against the bank on the books and records of Valley Bank. The notices indicated that proofs of claim needed to be filed with the receiver on or before December 17, 1991. Purcell, as a debtor, never received such notice and, thus, never filed a proof of claim.

## II. The Proceedings Below

On January 7, 1992, Purcell filed for relief under Chapter 11 of the Bankruptcy Code. On February 10, 1992, Purcell, as a debtor in possession, commenced a suit in Bankruptcy Court against the FDIC as receiver of Valley Bank. Pursuant to 11 U.S.C. §§ 544 and 547(b), Purcell sought to avoid the lien that the FDIC held against her real property.

On March 26, 1992, the FDIC moved to dismiss Purcell's cause of action in the Bankruptcy Court for lack of subject matter jurisdiction on the ground that Purcell failed to exhaust the administrative claims procedure as set forth in FIRREA. On April 3, 1992, Purcell filed opposition and contemporaneously moved for summary judgment. On May 25, 1992, FDIC filed opposition to Purcell's motion for summary judgment.

Judge Conrad concluded that he had subject matter jurisdiction to hear Purcell's cause of action and, consequently, denied the FDIC's motion to dismiss.

This appeal followed.

### Discussion

■ Preliminarily, we note that the question presented is a matter of statutory in-terpretation and, therefore, the applicable standard of review of the Bankruptcy Court's decision is *de novo*. *See In re Koreag, Controle et Revision*, 961 F.2d 341, 347–48 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 188, 121 L.Ed.2d 132 (1992).

Furthermore, we note that the issue involved is one of first impression in the circuit. While there is substantial case law in the circuit concerning the administrative claims procedure of FIRREA, such case law has not dealt with the impact of FIR-REA's administrative claims procedure on a debtor's action to determine the validity of a lien held against real property.

For the following reasons we affirm the Bankruptcy Court's exercise of jurisdiction.

## I. Applicability of FIRREA.

■ *A. The Plain Language of the Statute.* Reading the administrative claims procedure set forth in FIRREA as a whole, we find that the procedure does not apply to debtor Purcell's action, which seeks a recordable declaration that the Valley Bank lien is facially invalid.

FIRREA's administrative claims procedure does not discuss, mention, or reference, debtors, their responsibilities and duties, or the FDIC's treatment of debtors upon taking receivership of a failed bank. Rather, the statute discusses "promptly publish[ing] a notice to the depository institution's *creditors* to present their claims" [1]; "mail[ing] a notice ... to any *creditor* shown on the institution's books" [2]; and, "pay[ing] *creditor* claims which are allowed by the receiver" [3]. *See* 12 U.S.C.

---

1. 12 U.S.C. § 1821(d)(3)(B). The subsection states:

**(B) Notice requirements**
The receiver ... shall—(i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice; and (ii) republish such notice approximately 1 month and 2 months, respectively, after the publication under clause (i).

2. 12 U.S.C. § 1821(d)(3)(C). The subsection states:

**(C) Mailing required**
The receiver shall mail a notice ... to any creditor shown on the institution's books ...

3. § 1821(d)(10)(A). The subsection states:
**(10) Payment of claims**
**(A) In general**
The receiver may, in the receiver's discretion and to the extent funds are available, pay creditor claims which are allowed by the receiver, approved by the Corporation pursuant to a final determination pursuant to paragraph (7) or (8), or determined by the final judgment of any court of competent jurisdiction ...

§ 1821(d) (emphasis added); *see also, Office & Professional Employees Int'l Union, Local 2 v. Federal Deposit Ins. Corp.,* 962 F.2d 63, 66 n. 7 (D.C.Cir.1992) ("Section 1821(d)(6) requires a *creditor* of a failed financial institution to file an administrative claim") (emphasis added); *Homeland Stores, Inc. v. Resolution Trust Corp.,* No. 91–1304–K (D.Kan. Oct. 13, 1992) (1992 WL 319659, 1992 U.S. Dist. Lexis 16991) (citing 12 U.S.C. §§ 1821(d)(3)(B), (C) for the proposition that administrative claims procedure applies to claims by *creditors* ).

■ Furthermore, reading 12 U.S.C. § 1821(d)(3), which discusses the FDIC's authority to determine claims, together with 12 U.S.C. § 1821(d)(13)(D), it is clear that the intent of the statute is to deal with the claims of *creditors,* not debtors. 12 U.S.C. § 1821(d)(3)(A) speaks of the FDIC's power to "determine claims,"[4] and 12 U.S.C. §§ 1821(d)(3)(B) and (C) indicate which "claims" Congress was referring to by providing that only creditors were to receive notice. *See* 12 U.S.C. § 1821(d)(3). Consequently, since the term "claims" should be interpreted consistently throughout the statute and 12 U.S.C. § 1821(d)(3) indicates that Congress meant *creditors'* claims, the reference to "claims" in 12 U.S.C. § 1821(d)(13)(D) should also be read to refer to creditors' claims.[5]

The FDIC argues that where the meaning of a statute is plain on its face, a court is constrained from going beyond the statute to glean a different meaning. The FDIC argues that since the case revolves around the Bankruptcy Court's subject matter jurisdiction, the plain language of 12 U.S.C. § 1821(d)(13)(D) dictates the Court's action. Therefore, the "plain language" of subsection 1821(d)(13)(D) stating that "no court shall have jurisdiction over ... any action seeking a determination of rights with respect to the assets of any depository institution for which the Corporation had been appointed receiver....",

prevents the Bankruptcy Court from exercising jurisdiction over Purcell's action because it is such an action.

The Court disagrees. First, the Court is reluctant to apply one subsection of a comprehensive statute in a vacuum. Courts which have heretofore applied 12 U.S.C. § 1821(d)(13)(D) in isolation were not confronted with a *debtor's* cause of action. Instead, they were confronted with either a claim by a creditor of the bank or an action brought by a creditor of a third party which affected not only the creditor's rights in the assets of the third party but also the bank's competing rights in such assets. *See, e.g., Elman,* 949 F.2d at 627 (creditor/law firm required to pursue claim for fees against RTC as receiver for failed financial institution through administrative claims procedure); *Circle Indus.,* 749 F.Supp. at 450, 455 (subcontractor seeking damages against failed financial institution in connection with financing of construction project required to exhaust FIRREA's administrative claims process before proceeding in federal court); *Heno, et al. v. Federal Deposit Ins. Corp.,* 815 F.Supp. 507 (D.Mass. June 1, 1992) (plaintiff held a second mortgage on units in a development in which the bank held the first mortgage).

■ Second, even if we accept the FDIC's argument and read 12 U.S.C. § 1821(d)(13)(D) in isolation, Purcell's action does not fall within the subsection's parameters because the purported lien was not perfected and, therefore, is not a bona fide asset of the bank. In exercising jurisdiction to determine whether it had jurisdiction over Purcell's cause of action, the Bankruptcy Court was entitled to make such a threshold factual finding so as to decide whether 12 U.S.C. § 1821(d)(13)(D) was applicable. *See In re Visioneering Construction,* 661 F.2d 119, 122 (9th Cir. 1981) (in determining whether to exercise

---

**4.** 12 U.S.C. § 1821(d)(3)(A) states:

**(A) In general**
The corporation may, as receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph (4)(A).

**5.** This does not, as the FDIC would argue, limit the administrative claims procedure to only monetary claims. Clearly, creditors can pursue actions seeking a determination of rights with respect to bank assets.

jurisdiction, a court may have to determine certain facts.) Furthermore, such a determination does not prejudice the FDIC because the FDIC's rights extend only to the bona fide assets of the failed financial institution.

The FDIC responds that the judgment lien is an asset, albeit disputed, of the receiver for the purposes of the administrative claims process. However, this argument fails to distinguish between a cause of action where there is no question that the assets are bona fide assets of the bank and a cause of action where the issue is whether or not the alleged asset is in fact a bona fide asset of the bank. The former, which involves a party's claim for, or rights in, the bona fide assets of a bank, is the type of action that the FDIC is referring to and the type it cites in support of its argument. *See Amsave Credit Corp. v. Resolution Trust Corp.*, 141 B.R. 578 (D.N.J. 1992). The provisions of FIRREA clearly apply to such actions. *See* 12 U.S.C. § 1821(d). The latter, however, is Purcell's type of action and as we stated above, the Bankruptcy Court has jurisdiction to determine whether or not the alleged asset is in fact a bona fide asset of the bank.

*B. The Legislative History of FIRREA.* In addition to the plain language of the statute, the legislative history of FIRREA indicates that Congress was not concerned with debtors when it drafted the administrative claims procedure.

In discussing the claims procedure, a House Report states, "[t]he bill establishes a claims procedure, with specific deadlines for *creditors* and for the FDIC, to be followed in cases where the FDIC has been appointed receiver." H.R.Rep. No. 101-54(I), 101st Cong., 1st Sess. 331, *reprinted in* 2 1989 U.S.Code Cong. & Admin.News 86, 127 (emphasis added). At the very least this language indicates that Congress considered the possibility of the claims procedure applying to debtors to be so remote as to not warrant reference in the legisla-

tive history. More likely, Congress believed the administrative claims procedure would not apply to debtors.

Furthermore, Congress, in enacting FIRREA, was responding to the then-current adjudication process of *creditors'* claims. *Id.* at 214. FIRREA was Congress' response to the Supreme Court's decision in *Coit Independence Joint Venture v. Federal Savings & Loan Ins. Corp.*, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), in which the Court expressed statutory and constitutional concerns over whether Congress had granted the FSLIC "exclusive authority to adjudicate *creditors'* state law claims against failed savings & loan associations under a FSLIC receivership." *Coit,* 489 U.S. at 568, 109 S.Ct. at 1366 (emphasis added).

*II. Debtor's Failure to Receive Notice*

■ In the alternative, we affirm the Bankruptcy Court's exercise of jurisdiction because the debtor never received notice of the administrative claims procedure.

The notice statute, 12 U.S.C. §§ 1821(d)(3)(B)–(C), does not provide for debtors to receive notice of their duty to file an administrative claim. The statute directs the FDIC when taking over a failed financial institution to notify only creditors about filing an administrative claim. *See* 12 U.S.C. § 1821(d)(3)(B)–(C). While the FDIC is also required to provide publication notice, such notice would not inform a debtor that FIRREA's administrative claims procedure applied to him or her, since the publication notice speaks only to creditors. *Id.* Consequently, Purcell, as a debtor, never received notice and did not have the opportunity to file an administrative claim within the requisite time.

This lack of proper notice results in dire consequences for Purcell. Failure to file a claim within the time allowed by the statute results in a final disallowance of the claim. *See* 12 U.S.C. § 1821(d)(5)(C).[6]

---

6. 12 U.S.C. § 1821(d)(5)(C) states:
   **(C) Disallowance of claims filed after end of filing period**
   **(i) In general**

[C]laims filed after the date specified in the notice published under paragraph (3)(B)(i) shall be disallowed and such disallowance shall be final.

While the statute has an exception, the exception is discretionary ("such claim *may* be considered by the receiver") and applies only to claims for *payment*. *See* 12 U.S.C. § 1821(d)(5)(C)(ii)(I), (II). Only creditors, and not debtors, file claims for payment. Therefore, Purcell's claim would fall outside the exception and would be permanently disallowed for failure to follow the administrative procedure. *See* 12 U.S.C. § 1821(d)(5)(C). The Court does not believe Congress intended such an unjust result.

### Conclusion

In summary, after examining the language of FIRREA, its legislative history, and its notice requirement, the Court finds that FIRREA does not apply to debtors and hereby AFFIRMS the Bankruptcy Court's exercise of subject matter jurisdiction over debtor Purcell's cause of action.

SO ORDERED.

**(ii) Certain exceptions**
[S]uch claim may be considered by the receiver if—

(I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and

(II) such claim is filed in time to permit payment of such claim.