John F. BURROUGHS, Theresa M. Burroughs, Plaintiffs,

v.

COLONY FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, aka First Federal of Western Pennsylvania, Inc., Knutson Mortgage Corporation, Resolution Trust Corporation, Defendants.

Civ. A. No. 93–290E.

United States District Court, W.D. Pennsylvania.

June 27, 1994.

George Joseph, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., Erie, PA, for plaintiffs.

Mary P. Portis, Portis & Associates, Pittsburgh, PA, for defendants.

## MEMORANDUM ORDER

COHILL, District Judge.

Before the Court is a Motion to Dismiss filed by defendant Resolution Trust Corporation (RTC), receiver for Colony First Federal Savings and Loan Association (Colony). The motion is in response to a complaint filed by plaintiffs John F. Burroughs and Theresa M. Burroughs.

In this action, we are called on to decide whether those who are debtors at the time the RTC assumes control of their bank, and who later bring a claim against the RTC and its mortgage corporation, must exhaust administrative remedies prior to initiating litigation in court pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101-73, 103 Stat. 183 (1989) (codified as amended *passim* 12 U.S.C.).

For the reasons below, we decide that such debtors must first exhaust FIRREA's administrative remedies. The RTC's motion to dismiss will be granted.

### I. *Background*

On October 23, 1985, the plaintiffs borrowed the sum of $22,500.00 from Colony. Compl. ¶ 6. As security for the loan, plaintiffs executed a properly-recorded mortgage in favor of Colony on the premises known as 2601 East Avenue, Erie, Pennsylvania. Compl. ¶ 7. Subsequent to the execution of the mortgage, Colony became insolvent, and its operation was assumed by the RTC, a corporation wholly-owned by the federal government and created to assume control over financially-troubled savings and loan institutions. 12 U.S.C. § 1441a(b)(1), (3).

After assuming control of Colony, the RTC obtained the services of defendant Knutson Mortgage Corporation (Knutson) as a servicing agency for plaintiffs' mortgage. Compl. ¶ 9. On February 15, 1993, plaintiffs paid off the remainder of their mortgage by tendering a cashier's check in the amount of the payoff figure, $12,104.75, which Knutson endorsed. Compl. ¶ 14; *id.* at Exs. D, E.

According to the plaintiffs, the defendants failed to mark the formerly-outstanding mortgage as "satisfied," which plaintiffs allege was the reason they were denied a business line of credit for the business operated at 2601 East Avenue. Compl. ¶ 17. As a consequence, plaintiffs brought a six-count complaint in the Court of Common Pleas, Erie County, Pennsylvania, which defendants properly removed to this Court pursuant to 28 U.S.C. § 1441 and 12 U.S.C. § 1819(b)(2)(B). The complaint seeks both legal and equitable remedies against the defendants. In response to the complaint, defendant RTC filed a motion to dismiss.

### II. *Discussion*

■ In 1989, against the backdrop of what became popularly known as the "savings and loan crisis," Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). FIRREA created the RTC, which essentially took over the role of the Federal Savings and Loan

Insurance Corporation (FSLIC). *Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.,* 947 F.2d 49, 62 (3d Cir.1991). FIRREA sets forth a detailed and "comprehensive administrative procedure for adjudicating claims asserted against a failed depository institution." *Id.; see also In re First City Nat'l Bank & Trust Co.,* 759 F.Supp. 1048, 1050–51 (S.D.N.Y.1991).

In an attempt to provide an orderly process for the anticipated multitude of claimants, Congress requires claimants first to exhaust their administrative remedies pursuant to FIRREA, 12 U.S.C. § 1821(d)(13)(D) prior to seeking judicial intervention. *See* H.R.Rep. No. 101–54(I), 101st Cong. 1st Sess. 1 at 419, *reprinted in* 1989 U.S.C.C.A.N. 86, 215 (noting that the purpose of the exhaustion requirement is to enable RTC "to dispose of the bulk of claims against failed financial institutions expeditiously and fairly"); *see also Tuxedo Beach Club Corp. v. City Federal Sav. Bank,* 737 F.Supp. 18, 20 (D.N.J.1990) ("Congress has determined that these administrative procedures are the most efficient way to resolve the hundreds of claims with which a receiver might be confronted.")

The exhaustion requirement in § 1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or Corporation as receiver.

*Id.* As is clear, Congress sought to inject some degree of order and fairness in the disposition of the assets and liabilities of failed banks and other depository institutions by requiring those with a claim against the bank's remaining assets to "line up" and file a claim first with the bank's receiver, RTC.

If the RTC disapproves the claim, then and only then, is a claimant permitted to seek redress in the court. *Praxis,* 947 F.2d at 63 ("a claimant against a failed thrift must exhaust FIRREA's administrative remedies before commencing a judicial action").

RTC contends that the plaintiffs' complaint must be dismissed because they are required to, but did not, exhaust their administrative remedies. The plaintiffs' strenuous response is that they are *debtors* of Colony; the administrative procedure and exhaustion requirement apply only to *creditors* of failed institutions; and, therefore, they need not exhaust their administrative remedies prior to filing suit in court.

We disagree. In a case similar to this one, the United States Court of Appeals for the Third Circuit implicitly held that FIRREA's exhaustion requirement applied to a debtor, like the plaintiffs here, which demands satisfaction of a mortgage note. *Praxis,* 947 F.2d at 64. In that case, a bank lent $1.8 million to Praxis Properties, Inc., which Praxis secured by giving the bank a mortgage on certain property it owned. *Id.* at 52. Sometime later, Praxis negotiated with the bank in an attempt to have the bank release Praxis's collateral. *Id.* Before the negotiation was completed, the bank failed, and the RTC was appointed as its receiver. *Id.*

Shortly after RTC's appointment, Praxis demanded that RTC release the mortgage note encumbering its property. *Id.* The RTC refused, and Praxis brought an action in state court (which RTC removed to federal court) "because RTC refused to relinquish Praxis's mortgage note" and "to enforce its putative right to obtain the release." *Id.* The court of appeals found that the district court did have subject matter jurisdiction because Praxis, for reasons not relevant here, had first exhausted its administrative remedies prior to filing its court action. *Id.* at 64. Thus the court made an implicit finding that Praxis was required first to exhaust prior to bringing a court action.

Similarly, the plaintiffs before us seek a release from the mortgage on their property at 2601 East Avenue.[1] Plaintiffs also seek

---

1. According to defendant Knutson, the mortgage in question was marked "Satisfied" by the Re-

monetary damages pursuant to 21 Pa.S.A. § 682 for the mortgagee's alleged failure timely to do so. The former claim puts the plaintiffs in a posture identical to *Praxis*, which was required to exhaust its administrative remedies as discussed above. The latter claim likewise requires exhaustion pursuant to 12 U.S.C. § 1821(d)(13)(D), for it is a "claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [RTC] has been appointed receiver . . . ." *Id.* § 1821(d)(13)(D)(i).

Plaintiffs further argue that the notice provisions of FIRREA apply only to creditors and that they, as debtors, were not notified of FIRREA's administrative claims procedure. According to the plaintiffs, debtors would be severely penalized by FIRREA's administrative procedures because, as debtors, they are not entitled to notice of an RTC takeover, *see, e.g.,* 12 U.S.C. § 1821(d)(3)(B) (receiver shall publish notice to creditors); *id.* § 1821(d)(3)(C) (receiver shall mail notice to creditors shown on institution's books), but they incongruously are required to meet the FIRREA statute of limitation in filing a claim, *see, e.g.,* 12 U.S.C. § 1821(d)(5)(A); *id.* § 1821(d)(6)(A). *See also In re Purcell,* 150 B.R. 111, 115–16 (D.Vt.1993) (suggesting that debtors would suffer "dire consequences" if they must follow FIRREA's administrative procedures).

We recognize plaintiffs' concern that FIRREA's notice provisions only apply to creditors, and as debtors at the time the RTC assumed control of Colony, they were not entitled to notice of RTC's takeover and FIRREA's administrative procedures. We of course can only speculate why Congress chose to make the notice provisions applicable to creditors but not to debtors. Perhaps Congress did not anticipate that debtors would have "claims" against failed banks, but did anticipate that creditors would have "claims" against such banks. In any event, Congress chose to make the notice provisions applicable only to creditors, and we are not at liberty to rewrite congressional statutes.

corder of Deeds in Erie County, Pennsylvania on September 10, 1993, and a copy was sent to plaintiffs's counsel on September 14, 1993.

Nor do we find that FIRREA's administrative procedures are inapplicable to debtors, as plaintiffs contend, merely because the notice provisions do not extend to debtors. On the contrary, the jurisdictional section is clear: courts have no jurisdiction over, *inter alia,* claims or actions seeking payment or a determination of rights with respect to the assets of an RTC-controlled failed depository institution or any claim relating to any act or omission of such institution. 12 U.S.C. § 1821(d)(13)(D)(i)–(ii); *Praxis,* 947 F.2d at 63. Both debtors and creditors might seek a "determination of rights with respect to[ ] the assets of any depository institution." 12 U.S.C. § 1821(d)(13)(D)(i).

We can only infer that Congress' explicit and repeated use of "creditor" in the *notice* provisions, and its omission of "creditor" in the broad *jurisdictional* provision, was not an oversight. We will not presume that Congress remembered to specify "creditor" in some sections of a statute but forgot to specify in others.

### III. *Conclusion*

■ Because the plaintiffs failed to exhaust their administrative remedies with respect to the claims in their complaint, this Court must dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1) and 12(h)(3).

AND NOW, to-wit, this 27th day of June 1994, for the foregoing reasons, it is hereby ORDERED, ADJUDGED, and DECREED that the Motion to Dismiss filed by defendant Resolution Trust Corporation (Doc. 3) be and hereby is GRANTED.

Knutson's Ans. to Compl. ¶ 16. Plaintiffs have not contested this assertion; and, if true, plaintiffs's counts in equity would be moot.