**Victor E. ADOUE, et al., Plaintiffs,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First National Bank of Desoto, Defendant.**

**No. CA 3–90–2720–T.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 3, 1991.

Larry S. Parnass, Parnass & Sleeth, Irving, Tex., for plaintiffs.

Steven A. DeMonbreum, Federal Deposit Ins. Corp., Legal Div., Dallas, Tex., for defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

MALONEY, District Judge.

This action is before the court on Defendant's November 1, 1991 Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Plaintiffs have not filed a response to the motion. After considering the motion, pleadings and applicable legal authorities, the court concludes that the motion should be granted.

Plaintiffs commenced this action on November 29, 1990, alleging that Desoto Bank wrongfully permitted Stuart M. Lazarus, a former business partner of Plaintiff Adoue, to deposit and convert checks made payable to Desoto Animal Hospital, Inc., to his personal account. On May 10, 1990, Desoto Bank was declared insolvent and the Federal Deposit Insurance Corporation was appointed receiver for the failed banking institution.

FDIC contends that the court lacks subject matter jurisdiction over this action based on Plaintiffs' failure to seek and exhaust administrative remedies as required by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1811 *et seq.*

Title 12 U.S.C. § 1821(d)(3)(B)(i) provides that, upon appointment as receiver, the FDIC must publish a notice to creditors which establishes a specific date, not less than ninety days after the notice is published, by which creditors must present their claims for administrative review. Title 12 U.S.C. § 1821(d)(5)(C) provides that:

(i) In general

Except as provided in clause (ii), claims filed after the date specified in the notice published under paragraph (3)(B)(i) shall be disallowed and such disallowance shall be final.

(ii) Certain exceptions

Clause (i) shall not apply with respect to any claim filed by any claimant after the date specified in the notice published under paragraph (3)(B)(i) and such claim may be considered by the receiver if—

(I) the claimant did not receive notice of the appointment in time to file such claim before such date; and

(II) such claim is filed in time to permit payment of such claim.

Failure to satisfy these requirements divests courts of jurisdiction to consider the claims. *United Bank of Waco, N.A. v. First Republic Bank of Waco, N.A.,* 758 F.Supp. 1166 (W.D.Tex.1991); *Circle Industries v. City Federal Savings Bank,* 749 F.Supp. 447 (E.D.N.Y.1990), *aff'd,* 931 F.2d 7 (2d Cir.1991), *RTC v. Mustang Partners,* 946 F.2d 103 (10th Cir.1991), *FDIC v. Shain, Shaeffer & Rafanello,* 944 F.2d 129 (3d Cir.1991).

It is undisputed that Plaintiffs did not file an administrative claim before commencing this action and that more than ninety days have elapsed since FDIC provided notice to creditors of Desoto Bank of their right to file administrative claims. Plaintiffs have not alleged that they did not receive notice so as to prevent them from filing a timely claim. Further, as evidenced by its motion to dismiss, FDIC is not inclined to consider Plaintiffs' claims under the exception stated in 12 U.S.C. § 1821(d)(5)(C)(ii). The court concludes that, based on the clear language of § 1821(d)(5)(C)(i) Plaintiffs may not now maintain their claims in this or any other judicial forum. As this court lacks subject matter jurisdiction to consider Plaintiffs' claims, FDIC's motion to dismiss under Fed.R.Civ.P. 12(b)(1) will be granted.

It is therefore ORDERED that FDIC's November 1, 1991 Motion to Dismiss is granted.

It is further ORDERED that, based on this court's lack of subject matter jurisdiction, this action is dismissed with prejudice.