ANNE McLAUGHLIN *vs.* FEDERAL DEPOSIT INSURANCE
CORPORATION.[1]

Essex. January 5, 1993. - May 12, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Financial Institutions Reform, Recovery and Enforcement Act. Bank. Jurisdiction,* Claim against Federal agency. *Receiver.*

Where, during the pendency of a plaintiff's appeal of an adverse judgment
on her monetary claims against a bank, the Federal Deposit Insurance
Corporation (FDIC) was appointed as the bank's liquidating agent, the
failure of the plaintiff thereafter to initiate an administrative claim with
the FDIC within the ninety-day period prescribed by 12 U.S.C. § 1821
(d) (3) (B) deprived this court of jurisdiction to consider the appeal.
[237-239]

CIVIL ACTION commenced in the Superior Court Department on November 3, 1988.

The case was tried before *John Paul Sullivan*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Grover Henry Nix, III*, for the plaintiff.

*Gregory E. Gore*, of the District of Columbia, for Federal Deposit Insurance Corporation.

*James R. DeGiacomo* (*Judith K. Wyman* with him) for Capitol Bancorporation.

ABRAMS, J. We transferred the appeal from the Appeals Court on our own motion to consider whether we have subject matter jurisdiction to consider an appeal in a case in which the Federal Deposit Insurance Corporation (FDIC) was appointed receiver during the appellate process. On review of the record, we conclude that the plaintiff's failure to

---

[1]As receiver for Capitol Bank and Trust Company.

participate in a timely fashion in the administrative proce-
dures set out by the Financial Institutions Reform, Recovery
and Enforcement Act of 1989 (FIRREA) is fatal to the
plaintiff's appeal.

The plaintiff, Anne McLaughlin, cosigned and personally
guaranteed a series of promissory notes given by her hus-
band, a real estate developer, to Capitol Bank and Trust
Company (bank). The plaintiff sued the bank, asserting
claims of breach of fiduciary duty and breach of the contrac-
tual duty of good faith and fair dealing. The plaintiff alleged
that the bank withheld material information in order to in-
duce her to cosign and guarantee the notes, and that the
bank subsequently undermined her husband's development
projects by refusing to advance necessary funds.[2]

The jury found for the plaintiff on both claims and
awarded $1 million in damages. The bank moved for judg-
ment notwithstanding the verdict or, in the alternative, for a
new trial. The court ordered the entry of judgment notwith-
standing the verdict and conditionally allowed the motion for
a new trial on the issue of damages only. The plaintiff
appeals.

While the appeal was pending, the Commissioner of Banks
ordered that the bank be closed due to financial problems
and that the FDIC be appointed as the bank's liquidating
agent. A judge of the Superior Court allowed the FDIC's
motion to be substituted for the bank as a party to this litiga-
tion. A single justice of this court approved the banking com-
missioner's appointment of the FDIC as the liquidating
agent.

At some point the plaintiff filed an administrative claim
with the FDIC, pursuant to 12 U.S.C. § 1821 (d) (6)
(Supp. II 1990). The FDIC denied the claim on the ground
that it was untimely because the plaintiff failed to file her

---

[2]The plaintiff also asserted other claims, including claims of fraud and
violation of G. L. c. 93A; the bank asserted a counterclaim for breach of
the notes and guarantees. None of these claims is before us on appeal.

claim within the administrative filing time period. The plaintiff appealed the denial to the Federal District Court; the District Court dismissed the action.[3] *McLaughlin* v. *Federal Deposit Ins. Corp.*, 796 F. Supp. 47 (D.Mass. 1992) (FDIC fulfilled notice requirement and plaintiff's claim was submitted after filing deadline). The plaintiff did not appeal from that ruling.

*Subject matter jurisdiction.*[4] We conclude that under the statute the plaintiff's failure to participate in a timely manner in FIRREA's administrative process is fatal to her appeal. We do not reach the issue whether State courts have jurisdiction over an appeal from an action against a banking institution when the FDIC is appointed as receiver during the appellate process and the plaintiff participates in a timely manner in the FIRREA's administrative process.[5]

The relevant portion of FIRREA provides: "Except as provided in this subsection, no court shall have jurisdiction over —

"(i) any claim or action for payment from, or any action seeking a determination of rights with respect to the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

---

[3]Title 12 U.S.C. § 1821 (d) (6) (A) provides that a "claimant may . . . file suit on [a] claim . . . (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district in which the depository institution's principal place of business is located . . . (and such court shall have jurisdiction to hear such claim)."

[4]The issue of subject matter jurisdiction was not raised until the FDIC's responsive brief on appeal. The plaintiff filed a proof of claim with the FDIC four months after the closing of the bank. Both parties addressed the issue at oral argument, during which we were informed that the Federal District Court had dismissed the plaintiff's claim as untimely.

[5]We allowed the FDIC's application for further appellate review in a case where the Appeals Court concluded that State courts had jurisdiction even after the FDIC's appointment as receiver. *Botschafter* v. *Federal Deposit Ins. Corp.*, 33 Mass. App. Ct. 595 (1992), further appellate review granted, 414 Mass. 1104 (1993).

"(ii) any claim relating to any act or omission of such institution or the Corporation as receiver." 12 U.S.C. § 1821 (d) (13) (D).[6]

FIRREA also expressly provides for a limited period during which claimants may file claims against a failed institution: "The receiver, in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall — (i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice." 12 U.S.C. § 1821 (d) (3) (B). A party who has been notified of the appointment of a Federal insurer as receiver, and who fails to initiate an administrative claim within the filing period, "necessarily forfeits any right to pursue a claim against the failed institution's assets in any court." *Marquis* v. *Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1152 (1st Cir. 1992), citing 12 U.S.C. § 1821 (d) (5) (C) (i) (claims filed after the filing period shall be disallowed and such disallowance shall be final).

Here the plaintiff failed to file an administrative claim in a timely manner. "FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver." *Marquis* v. *Federal Deposit Ins. Corp.*, *supra* at 1151. The language of the stat-

---

[6]The FDIC argues that only Federal District Courts have jurisdiction over claims against assets of an institution once the FDIC has been appointed as receiver. The FDIC relies on 12 U.S.C. § 1821 (d) (6) (A), which provides that, after an initial administrative determination by the FDIC that a claim should be disallowed, within sixty days after such disallowance, "the claimant may request administrative review of the claim . . . or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district in which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)."

ute states that except as provided in 12 U.S.C. § 1821 (d) (13) (D) courts lose jurisdiction over a claim or action against a failed institution if an administrative claim is not timely filed with the FDIC. Because the plaintiff's claim was not timely filed with the FDIC, we dismiss the plaintiff's appeal.

*Appeal dismissed.*