**Nancy PALUMBO d/b/a Crayons Publications, Plaintiff,**

v.

**Angelo ROBERTI, Everything Educational, Inc. and The Federal Deposit Insurance Company, Defendants.**

Civ. A. No. 92–11468–GN.

United States District Court, D. Massachusetts.

Dec. 21, 1993.

Keith E. Kiper, Law Offices of Thomas S. Francis, Boston, MA, for plaintiff.

Roger D. Matthews, Madan & Madan, James L. Brawley, Edward William Murphy, Lee S. MacPhee, Morrison, Mahoney & Miller, Boston, MA, for defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a motion by the Federal Deposit Insurance Corporation ("the FDIC") for summary judgment on the claims of plaintiff Nancy Palumbo d/b/a Crayons Publications ("Palumbo") and the cross claim of defendant Angelo Roberti ("Roberti"). The FDIC contends that this Court lacks subject matter jurisdiction over the claims against it because Palumbo and Roberti failed to file timely administrative claims pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). For the reasons set forth below, the FDIC's motion for summary judgment is ALLOWED.

### I. Background

The relevant facts are recited in the light most favorable to the non-moving parties. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). The gravamen of Palumbo's Complaint is that, as a result of a rainstorm on June 2, 1989, oil and water seeped from the basement of the Home National Bank of Milford ("the Bank") into the basement of an adjacent building owned by defendant Roberti and destroyed Palumbo's art work and related materials. Roberti had leased a portion of his building to defendant Everything Educational, Inc., which had, with Roberti's consent, permitted Palumbo to use a portion of the building to create and store art work used in her business, Crayons Publications.

The Bank was declared insolvent and the FDIC became its receiver on June 1, 1990. The FDIC published notice on June 6, July 6 and August 7, 1990, of the right to present to the FDIC, as receiver, claims against the failed institution. This notice advised that claims against the Bank must be presented to the FDIC within 90 days of the initial publication. The bar date for filing administrative claims with the FDIC was September 6, 1990. Neither Palumbo nor Roberti filed an administrative claim prior to the bar date. Instead, on May 29, 1992, Nancy Palumbo commenced this action against the FDIC and Roberti in Massachusetts Superior Court. On June 15, 1992, the FDIC noticed removal to this Court.

On September 24, 1993, this Court, by accepting and adopting United States Magistrate Judge Bowler's Report and Recommendation, dated June 24, 1993, denied the FDIC's motion to dismiss for lack of subject matter jurisdiction, allowed Roberti's motion for leave to file a cross claim against the FDIC for contribution and denied Roberti's motion for leave to file a cross claim against the FDIC for property damage.

### II. SUMMARY JUDGMENT STANDARD

The role of summary judgment is " 'to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990). The burden is upon the moving party to show, based upon the pleadings, discovery on file, and affidavits, that "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the entire record in the light most hospitable to the nonmovant and indulge all reasonable inferences in her favor. *O'Connor,* 994 F.2d at 907. If the moving party demonstrates that "there is an absence of evidence to support the non-moving party's case," the burden shifts to the non-

moving party to establish the existence of a genuine material issue. *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). The nonmovant, however, may not rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56.

## III. DISCUSSION

FIRREA grants the FDIC, as receiver, broad powers to determine claims asserted against failed banks through a formal claims process. 12 U.S.C. § 1821(d)(3)–(10). Once a claim is filed, the FDIC has 180 days to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the claim is disallowed, or if the 180 days expire without a determination by the FDIC, then the claimant may request further administrative consideration of the claim, or seek judicial review. 12 U.S.C. § 1821(d)(6).

■ Because FIRREA contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before exhaustion of administrative remedies, "[f]ailure to participate in the administrative claims process is a 'jurisdictional bar' to judicial review." *Heno v. FDIC,* 996 F.2d 429, 432 (1st Cir.1993) (quoting *Marquis v. FDIC,* 965 F.2d 1148, 1151 (1st Cir.1992)); *see also* 12 U.S.C. § 1821(d)(13)(D). The jurisdictional bar reaches 1) all claims seeking payment from the assets of the failed institution, 2) all suits seeking satisfaction from those assets and 3) all actions for the determination of rights with respect to those assets. *See Marquis,* 965 F.2d at 1152. The subsection 1821(d) bar date for filing administrative claims in the present case was September 6, 1990. It is undisputed that neither Palumbo nor Roberti filed timely administrative claims under subsection 1821(d).

### A. *FIRREA's Notice Provisions*

Palumbo and Roberti contend that they should be excused from missing the filing bar date because the FDIC did not comply with FIRREA's notice provisions. Their arguments address several statutory provisions.

### 1. *Section 1821(d)(3)(B)(i)*

■ Palumbo and Roberti contend that Palumbo was a creditor of the Bank and that, therefore, the FDIC was required to mail a notice to her informing her of the filing deadline for presenting an administrative claim to the receiver pursuant to section 1821(d)(3)(B)(i) of FIRREA. Magistrate Judge Bowler concluded that Crayons Publication was a creditor of the Bank for purposes of the motion to dismiss, but her decision was based upon contradictions in Palumbo's own testimony, a lack of evidence by the FDIC with respect to Palumbo's alleged creditor status and the fact that, on a motion to dismiss, the court finds all well pleaded facts in the plaintiff's favor.

The FDIC has since provided an affidavit from Mr. Fred A. Raish, one of its claims agents, which, in this Court's view, demonstrates that there is no genuine issue of material fact that Palumbo was not a creditor of the Bank, but was, rather, a customer or depositor. Palumbo maintained a checking account for less than $100,000 with the Bank, in the name of Crayons Publications. Neither she nor Crayons Publications were listed as creditors on the Bank's records. For those customers of the Bank with accounts of less than $100,000, the FDIC sent a notice informing them of the transference of their account and explaining that their deposits would continue to be insured up to $100,000. Only those with accounts in excess of $100,000 were considered creditors of the Bank. Based upon the evidence considered by the Magistrate Judge on the motion to dismiss, and the additional affidavit of Mr. Raish, this Court concludes that Palumbo was not a creditor of the Bank and that, therefore, the FDIC was not required to provide her with notice of the claim deadline pursuant to section 1821(d)(3)(B)(i).

### 2. *Section 1821(d)(3)(C)(ii)*

■ Palumbo and Roberti contend that, even if the FDIC was not required to send her notice under (d)(3)(B)(i), it was still required (but failed) to comply with the notice requirements of (d)(3)(C)(ii). Under section 1821(d)(3)(C)(ii) of FIRREA, the receiver is required to mail notice similar to that re-

quired under (d)(3)(B)(i) to the claimant within 30 days of the discovery of the name and address of a claimant not appearing on the failed institution's books. Palumbo maintains that the FDIC was required to inform her about filing an administrative claim after she served her Complaint in this action in June 1992, even though that was two years after the Bank failure and eighteen months after expiration of the bar date. This is neither logical nor supported by FIRREA or cases interpreting the statute.

In *Marquis,* the Court of Appeals for the First Circuit held that:

> where a claimant has been properly notified of the appointment of a federal insurer as receiver, and has nonetheless failed to initiate an administrative claim within the filing period, the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court.

*Marquis,* 965 F.2d at 1152 (citations omitted). A Court in this district recently interpreted *Marquis* as meaning that the *"sole exception* to [the] finality provision applies only if 'the claimant did not receive notice of the appointment of the receiver in time to file [a] claim before [the deadline].'" *Espinosa v. DeVasto,* 818 F.Supp. 438, 442 (D.Mass. 1993) (emphasis added) (quoting 12 U.S.C. § 1821(d)(5)(C)(ii)).

■ Significantly, in *Espinosa,* the Court looked to the exceptions provision of subsection (d)(5)(C)(ii), not the notice provisions of subsection (d)(3)(C)(ii), as providing the sole exception to the finality requirement. In this Court's view, that interpretation is the only one of which the language of (d)(5)(C) is susceptible. The structure and language of FIRREA make it clear that the sole exception to the disallowance of claims filed after the time bar is contained in subsection (d)(5)(C)(ii). That being the case, the non-movants' contention that Palumbo should be excused for missing the bar date because the FDIC failed to comply with the notice requirements of subsection (d)(3)(C)(ii) must be rejected. If Palumbo is to be excused at all for her late filing, it must be on the basis of the language of subsection (d)(5)(C)(ii).

### 3. *Section 1821(d)(5)(C)(ii)*

Section 1821(d)(5)(C)(ii) provides that the absolute rule barring late filers from asserting their claims in court:

> shall not apply with respect to any claim filed by any claimant after the date specified in the notice published under paragraph (3)(B)(i) and such claim *may* be considered by the receiver if—
> (I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date....

12 U.S.C. § 1821(d)(5)(C)(ii) (emphasis added).

In this Court's view, Palumbo had notice (if not actual, then constructive) of the appointment of the receiver in time to file a claim before the deadline. Palumbo admitted that she received notice by mail before the Bank closed on June 1, 1990, that the Bank was going out of business and that her checking account with the Bank, in the name of Crayons Publications, would be transferred to a successor bank. Furthermore, there is no dispute that the FDIC published notice in the *Boston Globe,* the *Middlesex News* and the *Milford Daily News* on June 6, July 6 and August 7, 1990, of the right to present to the FDIC, as receiver, claims against the failed Bank. This notice advised that claims against the failed institution must be presented to the FDIC within 90 days of the initial publication. Because Palumbo was not a creditor of the Bank, the FDIC was not required to mail her notice directly.

Moreover, as the Magistrate Judge noted, the language of section 1821(d)(5)(C)(ii) is discretionary and the FDIC has averred that it is not inclined to allow Palumbo to invoke this statutory exception. *See In re Purcell,* 150 B.R. 111, 116 (D.Vt.1993); *Adoue v. Federal Deposit Insurance Corporation,* 779 F.Supp. 852, 853 (N.D.Tx.1991). It is unclear whether the Court in *Espinosa* recognized this statutory exception as discretionary when it characterized it as "the sole exception to the finality requirement." In this Court's opinion, however, there is no escaping the explicit language of the statute—"such claim *may* be considered by the receiver." 12 U.S.C. § 1821(d)(5)(C)(ii) (emphasis added).

■ Based on the foregoing considerations, this Court concludes that FIRREA itself does not provide an exception for the failure of Palumbo and Roberti to timely file administrative claims with the FDIC. Palumbo and Roberti proffer a related, equitable argument that Palumbo should be excused from missing the bar date because she did not discover her claim against the Bank or the FDIC until after the bar date had passed. The Magistrate Judge properly rejected that argument. Under the rubric of FIRREA, that is no excuse from the exhaustion requirement. *See Heno,* 996 F.2d at 432. Even if it were an excuse, this Court finds that there is no genuine dispute that Palumbo, in fact, knew of her claim against the Bank well before the bar date. Palumbo admitted in her deposition that she was told by an employee of the Bank on June 3, 1989 (the day after the alleged oil seepage) that there was oil in the basement of the Bank. That knowledge, combined with the obvious physical proximity between the basement where her materials were allegedly destroyed by oil seepage and the basement of the Bank, was sufficient to put her on notice of her claim against the Bank.

B. *Direct Claim Against FDIC*

■ The FDIC is a successor of the Bank and, under Massachusetts General Laws, Chapter 21E, a successor is strictly liable for damages caused by the release of oil or hazardous materials. Based upon those facts, Palumbo and Roberti contend that they have direct claims against the FDIC rather than against the assets of the bank and that, therefore, the bar date does not apply to them. Magistrate Judge Bowler rejected that argument and this Court agrees with that determination.

Section 1821(d)(13)(D) applies to:
any claim relating to any act or omission of [the Bank] or the corporation as receiver [as well as] any claim or action for payment from ... the assets of any depository institution for which the Corporation has been assigned receiver.

There is no genuine dispute that, at the time of the alleged release of oil, the Bank had not yet been declared insolvent. The claims of Palumbo and Roberti are based upon the act or omission of the Bank in allowing or not preventing the release of oil from the Bank's property and are therefore claims against the assets of the Bank. As such, the administrative exhaustion requirement of FIRREA applies to the nonmovants' claims.

IV. **Conclusion**

This Court therefore concludes that Palumbo failed to file a timely administrative claim with the FDIC pursuant to FIRREA and that she has presented no valid excuse for that failure. Accordingly, this Court lacks subject matter jurisdiction over Palumbo's claims against the FDIC. Furthermore, the Court lacks subject matter jurisdiction over Roberti's cross claim against the FDIC, both because the cross claim is contingent upon Palumbo's claim and because Roberti failed to comply with the mandatory administrative claims procedure of FIRREA. There being no other "cognizable basis for the assertion of subject matter jurisdiction in [this] court," *Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 47 (1st Cir.1991), Palumbo's remaining claims will be remanded to state court. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988).

ORDER

For the foregoing reasons, it is hereby ORDERED that:

1) motion of defendant, FDIC, for Summary Judgment against plaintiff, Palumbo, is ALLOWED,

2) motion of defendant, FDIC, for Summary Judgment against cross-claimant, Roberti, is ALLOWED, and

3) plaintiff's remaining claims are remanded to state court.