Merrick, J.
The plaintiff commenced this contract action in the Superior Court Department in 1986 against University Bank & Trust Co. (“the Bank”) for services rendered as president of the Bank. On May 31,1991, the Bank was declared insolvent and closed, and the Federal Deposit Insurance Corporation (“the FDIC”) was thereafter appointed as the Bank’s Receiver. 12 U.S.C. §1821 (c) (2) (A) (ii).
On April 14, 1992, the FDIC filed a motion, to which the plaintiff assented, to substitute the FDIC, as Receiver, for the defendant Bank. In June, 1992, the FDIC filed a Mass. R. Civ. R, Rule 56 motion for summary judgment on the grounds that the court lacked jurisdiction because the plaintiff had failed to comply with Federal statutes which rendered the timely submission of an administrative claim a condition precedent to the maintenance of an action against the FDIC involving the assets of a failed bank. The Superior Court denied the motion. FDIC’s subsequent application for an interlocutory appeal of that Rule 56 ruling was denied by a Single Justice of the Appeals Court, who ruled that the FDIC’s argument was “one that may succeed but is not assured of success.” The FDIC filed a second summary judgment motion in the Superior Court Department, which was also denied. In August, 1993, the case was transferred to the Waltham Division of the District Court Department for trial pursuant to G.L.c. 231, §102C.
In January, 1994, the FDIC filed a Dist./Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment on the same jurisdictional issue, which was denied by a District Court judge in April, 1994. In an effort to obtain a final decision on the jurisdictional question before proceeding to lengthy trials on the merits of the underlying claim in first the District Court and then, on retransfer, in the Superior Court, the parties filed a Joint Motion for Entry of Judgment. The motion requested that judgment be entered for the plaintiff in the amount of $92,452.44 plus interest to date, with a reservation of the FDIC’s right to appeal the denial of its motion for summary judgment and the issue of jurisdiction. The motion was allowed, and the requested judgment was entered. The FDIC subsequently appealed to this Division pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.[2]
*19 The FDIC’s jurisdictional argument is based on be Financial Institutions Reform, Recovery and Enforcement Act of 1989 (“FIRREA”), which sets forth the administrative procedure for the resolution of claims against failed financial institutions for which the FDIC has been appointed receiver. FIRREA has been characterized as
an almost impenetrable thicket, overgrown with sections, subsections, paragraphs, subparagraphs, clauses and subclauses — a veritable jungle of linguistic fronds and brambles. In light of its prolixity and lack of coherence, confusion over its proper interpretation is not only unsurprising — it is inevitable.
Marquis v. Federal Dep. Ins. Corp., 965 F. 2d 1148, 1151 (1st Cir. 1992). FIRREA renders participation in the administrative process mandatory for all claimants, including those with pending actions commenced prior to the appointment of a receiver. Id. at 1151; McLaughlin v. Federal Dep. Ins. Corp., 415 Mass. 235, 238 (1993).
FIRREA requires the FDIC to publish a notice to creditors to present claims by a date certain no less than ninety (90) days after publication, 12 U.S.C. §1821 (d) (3) (B) (i), and to republish that notice one month and again two months after the original publication date. 12 U.S.C. §1821(d)(3)(B)(ii). The statute also provides that the FDIC shall mail a similar notice at the time of the original publication to any creditor listed on the institution’s books at the last address specified in those books. 12 U.S.C. §1821(d) (3) (C) (i). Finally, the statute states that “claims filed after the date specified in the ... notice ... shall be disallowed and such disal-lowance shall be final.” 12 U.S.C. §1821 (d) (5) (C) (i). The requirement of a timely submission to the administrative claims procedure is thus jurisdictional, Simon v. Federal Dep. Ins. Corp., 48 F.3d 53, 56-57 (1st Cir. 1995), and a party who fails to initiate an administrative claim by the date specified “necessarily forfeits any right to pursue a claim against the failed institution’s assets in any court.” Marquis v. Federal Dep. Ins. Corp., supra at 1152.
In the present case, the FDIC published in the Boston Globe and the Boston Herald on June 5, 1991 a notice to submit claims by September 3, 1991. That notice was republished on July 5,1991 and August 5,1991. Because there was a pending lawsuit by the plaintiff against the Bank, the plaintiff was listed as a creditor in the institution’s books. The FDIC sent the same notice to plaintiff’s counsel in the lawsuit, but did not mail the notice until July 3,1991. A though plaintiff’s counsel had moved, he in fact received the FDIC notice on July 10,1991. Plaintiff’s counsel did not file a claim until September 19, 1991. On October 3, 1991, the FDIC denied such claim the plaintiff’s claim as late.
The plaintiff argues that he is excused from compliance with the September 3, 1991 filing deadline because the FDIC’s mailed notice was defective in two major respects. The plaintiff indicates first that the notice was sent to his attorney rather *20 than to him personally at “the creditor’s last address appearing in [the institution’s] books.” 12 U.S.C. §1821 (d) (3) (C) (i). Notice to the creditor’s attorney of record in a pending lawsuit concerning the claim satisfies, however, the notice by mail requirement of FIRREA McLaughlin v. Federal Dep. Ins. Corp., 796 F. Supp. 47, 48-49 (D.Mass. 1992); Bueford v. Resolution Trust Corp., 991 F.2d 481, 486-487 (8th Cir. 1993); Guglielmi v. Federal Dep. Ins. Corp., 863 F. Supp. 54, 58 (D.R.I. 1994).
Second, the plaintiff contends that the mailed notice by the FDIC was not timely sent. The plaintiff is undoubtedly correct. FIRREA requires that the mailed notice be sent at the time of the initial publication, which affords a creditor ninety days of both published and mailed notice of the deadline for filing his claim. In this case, the initial publication of notice on June 5, 1991 was ninety days before the filing deadline of September 3,1991, but the mailed notice of July 3,1991 gave the plaintiff only sixty days notice. This defect, however, is of no benefit to the plaintiff.
Under the disjointed logic of FIRREA, this notice deficiency does not excuse plaintiffs’ failure to file a timely claim. The statute provides in no uncertain terms that ’claims filed after the date specified in the [published] notice... shall be disallowed and such disallowance shall be final.’ 12 U.S.C. §1821 (d) (5) (C) (i). The sole exception to this finality provision applies only if ’the claimant did not receive notice of the appointment of the receiver in time to file [a] claim before [the deadline].[3]
Espinosa v. DeVasto, 818 F. Supp. 438, 442 (D. Mass. 1993). See also Palumbo v. Roberti, 839 F. Supp. 80, 84 (D. Mass. 1993). In Espinosa, plaintiff’s counsel had knowledge of the appointment of a receiver, but no mailed notice from the FDIC of any kind. The plaintiff in the present case had, through his attorney, at least sixty days written notice of both the appointment of a receiver and the September 3, 1991 filing deadline. The plaintiff’s failure to submit a timely administrative claim is thus a jurisdictional bar to this action.
Accordingly, the judgment is reversed. Judgment is to be entered for the defendant.
So ordered.

The FDIC’s Washington, D.C. counsel appeared at oral argument to be under the mistaken impression that either party would be able to appeal a decision by this Division directly to the Appeals Court A G.L.c. 231, §102C transfer case, however, must be transferred to the Superior Court Department for trial or other proceedings after a decision by the Appellate Division, even if the case was resolved in the District *19 Court Department upon summary judgment or other adjudication on purely legal grounds, and despite the willingness or desire of both parties to proceed directly to the Appeals Court Sroczynski v. Shell Oil Co., 394 Mass. 222, 224 (1985); The Greenhouse, Inc. v. Trans World Airlines, Inc., 394 Mass. 60, 62-63 (1985). Counsel’s unfamiliarity with the convolutions and complexities of the G.L.C. 231, §§102C-104 removal-remand-retransfer procedures in this Commonwealth, and his confusion about the utility and logic of transferring to the District Court Department an action which sought damages in excess of $175,000.00, which had in pre-trial form already been before two justices of the Superior Court Department, and which was destined on the basis of all statutory and practical considerations to be returned to the Superior Court Department for further proceedings, is understandable. See Bender v. Automotive Specialties, Inc., 407 Mass. 31, 35-36 (1990).

See also, as to single exception to pre-bar date filing requirement, Heno v. Federal Dep. Ins. Corp., 20 F.3d 1204, 1207 (1st Cir. 1994).