Anne McLAUGHLIN, Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, a federally chartered corporation, Defendant.**

Civ. A. No. 91–11644–C.

United States District Court,
D. Massachusetts.

Aug. 12, 1992.

Grover Henry Nix, Nix & Co., Boston, Mass., for plaintiff.

Jacqueline Holmes Haley, Roche, Carens & DeGiacomo, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is before the Court on a motion for summary judgment by the Defendant, the Federal Deposit Insurance Corporation ("FDIC"). The basis for the FDIC's motion is that the Court lacks subject matter jurisdiction over the instant case because Plaintiff, Anne McLaughlin ("McLaughlin"), failed to submit an administrative claim to the FDIC within the required filing period. For the reasons set forth below, the FDIC's motion for summary judgment should be granted.

### I.

McLaughlin brought suit against Capitol Bank and Trust Company ("Capitol") in 1988 in Essex Superior Court. After trial, the jury returned a verdict in McLaughlin's favor in the amount of one million dollars for breach of contract and breach of fiduciary duty. Thereafter, on July 26, 1990, the trial court granted Capitol's motion for judgment not withstanding the verdict. That matter is presently on appeal to the Massachusetts Appeals Court.

On December 28, 1990, the Commissioner of Banks of the Commonwealth of Massachusetts determined that Capitol was insolvent and appointed the FDIC receiver for Capitol. The affidavits and documentary evidence submitted by the FDIC in support of its motion for summary judgment indicate that it published notices in *The Boston Globe* and *Boston Herald* informing persons with claims against Capitol that they were required to submit their claims to the FDIC by April 4, 1991. The FDIC's affidavits and documentary evidence also indicate that it mailed a notice to McLaughlin on

January 8, 1991 informing her of the April 4, 1991 deadline. The FDIC mailed this notice to McLaughlin's attorney, Mr. Grover Nix, at 265 Franklin Street in Boston. It is apparent, based on the documentary evidence submitted on McLaughlin's behalf by Mr. Nix, that Mr. Nix did not maintain an office at that address at the time the FDIC mailed the January 8, 1991 notice. Mr. Nix, however, did indicate during oral argument that he once maintained a temporary mail drop at 265 Franklin Street.

In any event, Mr. Nix declared in his affidavit that neither he nor his client received the notice that the FDIC mailed on January 8, 1991 to 265 Franklin Street. As a result, although Mr. Nix knew that the FDIC had been appointed receiver for Capitol, he claims that he did not become aware of the April 4, 1991 deadline until after that deadline passed. Accordingly, Mr. Nix did not submit McLaughlin's claim to the FDIC until April 30, 1991, and the FDIC thereafter denied the claim on the basis that it had been filed late.

### II.

As mentioned previously, this case is before the Court on a motion for summary judgment by the FDIC. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The FDIC contends that it is entitled to summary judgment because McLaughlin failed to submit her claim with the FDIC by the deadline established by the FDIC in accordance with the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 103 Stat. 183 (codified in scattered sections of 12 U.S.C.).

FIRREA sets forth an administrative procedure for the resolution of claims asserted against failed banks for which the FDIC has been appointed receiver. 12 U.S.C. § 1821(d)(3)–(13). Once appointed receiver, the FDIC must publish a notice to

persons with claims against the failed institution informing them of the deadline by which they must present their claims to the FDIC. 12 U.S.C. § 1821(d)(3)(B). In addition, the FDIC must mail individual notices to all claimants informing them of the deadline for presenting claims. *Id.* § 1821(d)(3)(C). Notably, however, this latter provision does not require the FDIC to ensure that claimants actually receive the mailed notice; it simply requires the FDIC to mail the notice to any claimant at the claimant's last address appearing in the institution's records. *Id.*

■ In the instant case, there is no genuine issue that the FDIC published the notices required by 12 U.S.C. § 1821(d)(3)(B). The FDIC submitted to this Court a sworn statement by an accounting manager for *The Boston Globe* certifying that the notice was published. Nor is there any genuine issue that the FDIC mailed a notice to McLaughlin in accordance with 12 U.S.C. § 1821(d)(3)(C). The FDIC submitted to this Court a copy of the notice dated January 8, 1991 that it mailed to McLaughlin in care of her attorney, Mr. Nix, at 265 Franklin Street in Boston. The FDIC also submitted an affidavit by Fred A. Raish, one of its claims agents, in which Mr. Raish declared that Mr. Nix's address at 265 Franklin Street was the address for McLaughlin that appeared in Capitol's records. Mr. Nix's acknowledgement during oral argument that he once maintained a temporary mail drop at 265 Franklin Street substantiates that Capitol's records showed 265 Franklin as the address to which McLaughlin's mail should be directed. And, as mentioned previously, § 1821(d)(3)(C) only requires the FDIC to mail the notice to the claimant's last address appearing in the failed institution's records. The statute does not burden the FDIC with the task of making an independent investigation into the claimant's current address. Thus, there is no genuine issue of material fact that the FDIC fulfilled the notice requirements under FIRREA.

■ Generally, if the FDIC performs the required publication and mailing, persons who fail to submit administrative claims to the FDIC by the deadline indicated in the notice lose any right to assert their claims in any court. *Marquis v. FDIC,* 965 F.2d 1148, 1151 (1st Cir.1992). FIRREA, however, provides an exception for some claimants who file after the deadline. The rule barring late filers from asserting their claims in court

> shall not apply with respect to any claim filed by any claimant after the date specified in the notice published under paragraph (3)(B)(i) and such claim may be considered if—
>
> (I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date. . . .

12 U.S.C. § 1821(d)(5)(C)(ii). By its terms, then, the exception only applies to claimants who do not receive notice of the fact of the appointment of a receiver. The exception makes no reference to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadline. Therefore, a claimant's assertion that he or she was not made aware of the filing deadline, as distinct from an assertion that the claimant was not aware of the fact of receivership, does not bring the claimant within the exception.

In the instant case, there is no question that McLaughlin's attorney, Mr. Nix, knew of the appointment of the FDIC as receiver of Capitol long before the filing deadline of April 4, 1991. Mr. Nix does not dispute having had such knowledge. Moreover, the affidavit of Dennis M. Powers, which was submitted in opposition to the FDIC's motion for summary judgment, demonstrates Mr. Nix's knowledge. In his affidavit, Mr. Powers, an attorney employed by Mr. Nix's law firm in 1991, declared that as early as January, 1991, Mr. Nix asked Mr. Powers to investigate the procedure for filing McLaughlin's claim with the FDIC. Thus, Mr. Nix knew that the FDIC had been appointed receiver of Capitol. Therefore, the exception contained in 12 U.S.C. § 1821(d)(5)(C)(ii) does not apply in the instant case.

In conclusion, because the FDIC fulfilled its notice requirements and McLaughlin's

claim was submitted after the filing dead-line, she may not assert her claim in any court. Thus, the FDIC's motion for summary judgment should be granted, and the complaint should be dismissed.