**Milton REIERSON, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION, as Receiver for First Federal Savings and Loan Association of Thief River Falls, Minnesota, Defendant.**

**Civ. No. 4–92–368.**

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 25, 1992.

---

Michael L. Jorgenson, and Charlson, Marben & Jorgenson, P.A., Thief River Falls, Minn., for plaintiff.

Tracy J. Van Steenburgh, and Best & Flanagan, Minneapolis, Minn., for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant Resolution Trust Corporation's ("RTC") motion for summary judgment. Based on a review of the file, record and proceedings herein, the court grants the RTC's motion for summary judgment.

## BACKGROUND

On August 9, 1991, the Office of Thrift Supervision of the United States Department of Treasury declared First Federal Savings and Loan Association of Thief River Falls, Minnesota ("First Federal") insolvent and appointed the RTC receiver of the failed institution. On August 12, 1991, the RTC sent notice to First Federal's creditors informing them that First Federal closed and that the RTC had been appointed receiver. The notice also informed the creditors of their right to file a claim against First Federal, set forth the manner in which a creditor could file a claim and stated that all claims had to be presented to the RTC by November 21, 1991. First Federal's books and records listed plaintiff Milton Reierson as a creditor of the institution, and, as a result, the RTC sent him the notice.

On February 11, 1992, Reierson presented his proof of claims to the RTC. He sought payment of $2,000 and future sums of $1,000 per month pursuant to the terms of a trust agreement that he entered into with First Federal in 1988. On February 27, 1992, the RTC disallowed Reierson's claim because he did not file it in time.

On April 17, 1992, Reierson filed suit against the RTC alleging that it improperly disallowed his claim. The RTC now moves for summary judgment on Reierson's cause of action. The RTC contends that Reierson's claim is barred as a matter of law because it was untimely. Reierson contends that summary judgment is not warranted because a fact dispute exists as to whether he received the RTC's notice prior to the date by which a claim had to be filed. Reierson argues that he did not receive the notice, and therefore, he may take advantage of an exception to the requirement that a claim must be timely filed in order for it to be considered by the RTC. In the alternative, Reierson contends that summary judgment is inappropriate because even if he received the RTC's notice prior to the date by which a claim had to be filed, he had no reason to submit a claim until after the period for filing a claim expired.

## DISCUSSION

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge

must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53. With this standard at hand, the court will consider the RTC's motion for summary judgment.

When the RTC is appointed receiver of a failed depository institution, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d), requires the RTC to publish a notice to the institution's creditors that informs them of their right to present a claim against the institution by a specified date, which may not be less than ninety days after publication. 12 U.S.C. § 1821(d)(3)(B)(i).[1] The RTC must republish that notice twice. 12 U.S.C. § 1821(d)(3)(B)(ii).[2] In addition, the RTC must mail a similar notice to any creditor shown on the institution's books. 12 U.S.C. § 1821(d)(3)(C).[3]

█ Reierson contends that summary judgment is not warranted because a fact dispute exists as to whether he received the mailed notice, and therefore, whether the RTC complied with the notice requirements. Section 1821(d)(3)(C), however, does not require the RTC to ensure that claimants actually receive the mailed notice. *McLaughlin v. Federal Deposit Ins. Corp.*, 796 F.Supp. 47, 49 (D.Mass.1992). Rather, it requires only that the RTC mail the notice to the claimant's last known address appearing in the institution's records. *Id.* The evidence supports the conclusion that the RTC mailed the notice to his last known address. The court thus

1. Section 1821(d)(3)(B)(i) provides:

    (B) *Notice requirements*
    The receiver in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall—
    (i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice....
    12 U.S.C. § 1821(d)(3)(B)(i)

2. Section 1821(d)(3)(B)(ii) provides:

    (B) *Notice requirements*
    The receiver in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall—

    . . . . .

    (ii) republish such notice approximately one month and two months, respectively, after the publication under clause (i).

    12 U.S.C. § 1821(d)(3)(B)(ii).

3. Section 1821(d)(3)(C) provides:

    (C) *Mailing Required*
    The receiver shall mail a notice similar to the notice published under subparagraph (B)(i) at the time of such publication to any creditor shown on the institution's books—
    (i) at the creditor's last address appearing in such books; or
    (ii) upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address.
    12 U.S.C. § 1821(d)(3)(C).

finds that the RTC complied with the statutory notice requirements and rejects Reierson's argument that a dispute exists regarding whether the RTC complied with the statutory notice requirements.

In general, if the RTC provides the required publication of notice and mailing of notice, it may disallow a creditor's claim that is not presented to it by the deadline indicated in the notice, and such disallowance is final. 12 U.S.C. § 1821(d)(5)(C)(i).[4] FIRREA, however, provides an exception for certain creditors that file after the deadline. The provision disallowing claims that are presented late

> shall not apply with respect to any claim filed by any claimant after the date specified in the notice published under paragraph (3)(B)(i) and such claim may be considered if—
>
> (I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date....

12 U.S.C. § 1821(d)(5)(C)(ii). This "exception only applies to claimants who do not receive notice of the fact of the appointment of a receiver." *McLaughlin*, 796 F.Supp. at 49. The exception does not apply "to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadline." *Id.*

Reierson contends that he falls within the exception set forth in § 1821(d)(5)(C)(ii) because he never received the RTC's mailed notice. Even assuming the verity of Reierson's allegation that he did not receive the mailed notice from the RTC, the court rejects his argument. On August 9, 1991, the RTC contacted Gary Rux, trustee of the trust Reierson entered into with First Federal, and informed him that the RTC intended to claim the principal and interest accumulated in the trust account. Luther Aff., ¶ 2. Thus, Rux knew that the RTC had been appointed receiver and such knowledge, which is imputed to Reierson, prohibits Reierson from taking advantage

of the exception to filing a timely claim set forth in § 1821(d)(5)(C)(ii). *See e.g., McLaughlin*, 796 F.Supp. at 49 (finding that a creditor who did not receive mailed notice from RTC could not take advantage of the exception because his attorney was aware that the FDIC had been appointed receiver of the failed institution before the end of the deadline set by the FDIC for presenting claims).

In the alternative, Reierson argues that even if had received the notice, he would have had no reason to know that he was a creditor of First Federal until after the deadline expired. Reierson contends that he did not become a creditor of First Federal until December 20, 1991, the date on which he stopped receiving payments under his trust agreement with First Federal. Reierson thus contends that he could not have met the deadline set by the RTC and the RTC should consider his claim.

The court does not find Reierson's argument persuasive. Reierson offers no legal argument in support of his contention. Further, the RTC told the trustee, within the deadline set forth in the notice, that it intended to claim the principal and interest accumulated in the trust account and that Reierson would have to present a claim to the RTC as a creditor of First Federal. Accordingly, the court finds that Reierson had reason to know that he was a creditor of First Federal within the filing deadline and rejects Reierson's argument. The court thus concludes that Reierson did not present a timely claim to the RTC, and therefore, pursuant to 12 U.S.C. § 1821(d)(5)(C)(i), the RTC's disallowance of his claim is final.

Based on the foregoing, IT IS HEREBY ORDERED that the RTC's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**4.** Section 1821(d)(5)(C)(i) provides that:

> Except as provided in clause (ii), claims filed after the date specified in the notice published under paragraph (3)(B)(i) shall be disallowed and such disallowance shall be final.

12 U.S.C. § 1821(d)(5)(C)(i).