**Milton REIERSON, Appellant,**

v.

**RESOLUTION TRUST CORPORATION, as Receiver for First Federal Savings and Loan Association of Thief River Falls, Minnesota, Appellee.**

No. 93–1245.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1993.

Decided Feb. 15, 1994.

---

Counsel who presented argument on behalf of the appellant was Michael Lee Jorgenson of Thief River Falls, Minnesota.

Counsel who presented argument on behalf of the appellee was Tracy Joan Van Steeburgh of Minneapolis, Minnesota.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Milton Reierson is the former president and chief executive officer of First Federal Savings and Loan Association of Thief River Falls, Minnesota (First Federal). Prior to February 24, 1989, Reierson had a deferred compensation agreement with First Federal as part of a retirement plan. On that date and prior to his retirement, First Federal entered into an irrevocable trust agreement with him, under which Reierson, as beneficiary, would receive $1,000 a month for 10 years upon his retirement. Reierson's deferred compensation funds were transferred to the trust. Gary Rux was appointed trustee under the agreement. Reierson retired from his position at First Federal on March 16, 1990, and on April 20, 1990, he began receiving monthly payments of $1,000 under the trust agreement.

On August 9, 1991, the Office of Thrift Supervision of the United States Department of Treasury declared First Federal insolvent and appointed the Resolution Trust Corporation (RTC) as receiver of the failed institution. On August 12, 1991, the RTC sent notices to First Federal's creditors informing them that First Federal had been declared insolvent and that the RTC had been appointed receiver. The notices also informed the creditors of their right to file a claim against First Federal, set forth the manner in which to file a claim, and stated that all claims had to be presented to the RTC by November 21, 1991. First Federal's books and records listed Reierson as a creditor of the institution, along with his current address. The RTC also published a notice in the local newspaper to the creditors of First Federal, notifying them of the necessity of presenting their claims. Although the RTC claims to have mailed such a notice to Reierson, Reierson denies ever receiving this notice.

Although First Federal had been declared insolvent more than four months earlier, Reierson continued to receive his monthly installment payments from the trust until December 20, 1991. It was then that Reierson was informed by the trustee that the RTC was making a claim that the assets of the trust were the property of First Federal. In the meantime, Reierson had failed to file a proof of claim with the RTC by the deadline specified in the notices. As a result, the RTC demanded that Rux remit all sums in his possession under the trust agreement to the RTC. Thereafter, on February 14, 1992, Reierson filed a proof of claim with the RTC for the payments due him under the trust agreement. On February 27, 1992, the RTC disallowed Reierson's claim on the ground that it was not timely filed.

On April 17, 1992, Reierson filed suit against the RTC, alleging that it improperly disallowed his claim. He opposed the RTC's summary judgment motion on the ground that a factual issue existed as to whether he received the RTC's notice. The district court granted summary judgment in favor of the RTC, concluding that the RTC complied with the statutory notice requirements under 12 U.S.C. § 1821(d)(3)(C), 806 F.Supp. 1408. Reierson now appeals.

Once the RTC is appointed receiver of a failed depository institution, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) requires the RTC to publish a notice to the institution's creditors that informs them of their right to present a claim against the institution by a specified date, which may not be less than ninety days after publication. 12 U.S.C. § 1821(d)(3)(B)(i). The RTC must republish that notice twice, *id.* § 1821(d)(3)(B)(ii), and must mail a similar notice to any creditor shown on the institution's books. *Id.* § 1821(d)(3)(C).[1]

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, in order for sum-

mary judgment to be granted, it is the moving party's obligation to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the nonmoving party. *Johnson v. Enron Corp.,* 906 F.2d 1234, 1237 (8th Cir.1990).

Reierson contends that the RTC failed to comply with the statutory mandate to provide notice because he never received any such notice. The district court, however, concluded that FIRREA does not require the RTC to insure the claimant actually receives the mailed notice. *See McLaughlin v. FDIC,* 796 F.Supp. 47, 49 (D.Mass.1992). Rather, the statute requires only that the RTC mail the notice to the claimant's last known address appearing on the institution's records. The district court also found, without any discussion, that the evidence supports the conclusion that the RTC mailed the notice to Reierson's last known address.

If a claimant fails to submit a timely claim, the claim is to be disallowed and "such disallowance shall be final." *Id.* § 1821(d)(5)(C)(i). FIRREA, however, provides a notable exception to this rule. 12 U.S.C. § 1821(d)(5)(C)(ii) provides:

> Clause (i) shall not apply with respect to any claim filed by any claimant after the date specified in the notice published under paragraph 3(B)(i) and such claim may be considered by the receiver if—
>
> (I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and
>
> (II) such claim is filed in time to permit payment of such claim.

This "exception only applies to claimants who do not receive notice of the fact of the appointment of a receiver." *McLaughlin, su-*

---

1. 12 U.S.C. § 1821(d)(3)(C) provides:

    (C) *Mailing Required*

    The receiver shall mail a notice similar to the notice published under subparagraph (B)(i) at the time of such publication to any creditor shown on the institution's books—

    (i) at the creditor's last address appearing in such books; or
    (ii) upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address.

pra, 796 F.Supp. at 49. The exception does not apply "to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadline." *Id.*

Again, relying on *McLaughlin,* the district court determined this exception does not apply to Reierson because Gary Rux, the trustee of the irrevocable trust agreement, received notice of the RTC's claim to the trust assets within the claim period and his knowledge of the insolvency proceedings was imputed to Reierson. In *McLaughlin,* while the claimant did not receive notice of the institution's insolvency and appointment of the FDIC as receiver, the court concluded that notice to the claimant's attorney satisfied the requirement to notify the claimant. *Id. McLaughlin,* however, is clearly distinguishable from the present case. In sharp contrast to the position of the attorney in *McLaughlin,* Gary Rux, the trustee, was neither Reierson's agent nor his representative. The fiduciary relationship between Rux and Reierson did not create the type of agency from which knowledge could be imputed from one party to the other. Notification of the trustee will not serve to impute Reierson with knowledge of the receivership in the present case, especially since the trustee continued to remit the monthly payments to Reierson after the declaration of insolvency, and Reierson did not receive notice that the monthly payments would cease until after the filing deadline set by the RTC.

A material question of fact remains, therefore, as to whether Reierson had knowledge of the appointment of the receiver. If the district court determines he did not have knowledge of the receivership, Reierson falls within the section 1821(d)(5)(C)(ii) exception and his failure to file a claim within the prescribed time will not be fatal to his cause of action. Accordingly, we reverse the district court's grant of summary judgment in favor of the RTC and remand to the district court to determine whether Reierson had knowledge of the appointment of the receiver before the deadline for filing a claim.